UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 6:08-CR-19-GFVT-HAI |
| ) | No. 6:13-CV-07304-GFVT-HAI |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| PAUL LINVILLE BARGO, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On August 29, 2013,[1] Defendant Paul Linville Bargo filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 147. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a recommended disposition. The United States filed a Response to Defendant's section 2255 Motion on December 16, 2013. D.E. 171. Defendant filed a Reply on January 31, 2014. D.E. 183. For the reasons that follow, Defendant has failed to establish that he is entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, the Court **RECOMMENDS** that his motion be **DENIED**, and that no certificate of appealability be issued.

## I. BACKGROUND

### A. Pre-trial Proceedings

On February 29, 2008, a federal grand jury returned an indictment as to Defendant Bargo. D.E. 8. The indictment contained five counts. *Id*. Counts 1 and 2 charged Defendant with

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Here, Bargo affirmed under penalty of perjury that he placed the Motion in the prison mailing system on August 29, 2013.

conspiracy to knowingly and intentionally manufacture (Count 1) and conspiracy to knowingly and intentionally distribute (Count 2) 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. *Id*. at 1-2. Count 3 charged Defendant with knowingly and intentionally distributing a measurable quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). *Id*. at 2. Count 4 charged Defendant with knowingly and intentionally possessing pseudoephedrine, a List I chemical as defined in 21 U.S.C. § 802, knowing or having reasonable cause to believe that the listed chemical will be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(c)(2). *Id*. at 2. Count 5 charged Defendant with knowingly and intentionally attempting to manufacture 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. *Id*. at 3.

On Counts 1, 2, and 5, Defendant faced a statutory mandatory minimum of ten years of incarceration, a maximum term of life, not more than a $4,000,000 fine, and a term of supervised release of not less than five years. *See* 21 U.S.C. § 841(b)(1)(A). If found to have one prior felony drug conviction, Defendant faced a statutory mandatory minimum of twenty years of incarceration, a maximum term of life, not more than an $8,000,000 fine, and a term of supervised release of not less than 10 years. *See id*. If found to have two or more prior felony drug convictions, Defendant faced a statutory mandatory minimum of life imprisonment and not more than an $8,000,000 fine. *See id*. On Count 3, Defendant faced not more than twenty years imprisonment, not more than a $1,000,000 fine, and a term of supervised release of not less than three years. *See* 21 U.S.C. § 841(b)(1)(C). If found to have a prior felony drug conviction,

Defendant faced not more than thirty years imprisonment, not more than a $2,000,000 fine, and a term of supervised release of not less than six years. *See id.* On Count 4, Defendant faced not more than twenty years imprisonment, not more than a 250,000 fine, and a term of supervised release of not more than three years. *See* 21 U.S.C. § 841(c).

On March 24, 2008, the United States filed a Notice of Enhanced Statutory Punishment pursuant to 21 U.S.C. § 851, citing two Kentucky cases in which Defendant was found guilty of trafficking in marijuana. D.E. 13. This triggered the potential for the enhanced penalties on Counts 1, 2, 3, and 5.

Thomas Hunter Payne was appointed as counsel for Defendant pursuant to the Criminal Justice Act. D.E. 3. Defendant was arraigned on the indictment on March 5, 2008, at which time he pled not guilty to all counts. D.E. 12.

On August 14, 2008, a federal grand jury returned a superseding indictment. D.E. 23. Counts 1 through 5 of the superseding indictment mirrored Counts 1 through 5 of the original indictment. *Id.* at 2-4. Counts 6 through 12 each charged Defendant with knowingly and intentionally distributing less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). *Id.* at 4-6. Counts 13 through 15 charged Defendant with knowingly and intentionally distributing a quantity of pills containing hydrocodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). *Id.* at 6-7. Count 16 charged Defendant with conspiracy to commit an offense against the United States, that is, knowingly intimidating, using physical force against, or threatening a witness, and by attempting to do so, causing and inducing said witness to withhold testimony from an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(A). *Id.* at 7-9. Count 17 charged Defendant with knowingly intimidating, threatening, and attempting to intimidate and threaten an essential government

witness, via mailed letter, with the intent to cause or induce said witness to withhold testimony in an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(A). *Id*. at 9.

On Counts 6 through 15, Defendant faced not more than five years imprisonment, not more than a $250,000 fine, and a term of supervised release of not less than two years. *See* 21 U.S.C. § 841(b)(1)(D). Because of Defendant's prior felony marijuana convictions, and the section 851 notice filed at Docket Entry 13, Defendant was potentially subject to enhanced penalties on each of Counts 6 through 15 of not more than ten years imprisonment, not more than a $500,000 fine, and a term of supervised release of not more than four years. *See* 21 U.S.C. § 841(b)(1)(D). On Count 16, Defendant faced not more than five years imprisonment, not more than a $250,000 fine, and a term of supervised release of not more than three years. *See* 18 U.S.C. § 371; § 3571(b)(3); § 3583(b)(2). On Count 17, Defendant faced not more than twenty years imprisonment, not more than a $250,000 fine, and a term of supervised release of not more than three years. *See* 18 U.S.C. § 1512(b); § 3571(b)(3); § 3583(b)(2). On August 20, 2008, Defendant was arraigned on the superseding indictment, and again pled not guilty to all counts. D.E. 28.

### B. Plea Agreement, Trial, and Sentencing

On January 9, 2009, Defendant filed a Motion for Rearraignment on Counts 6 through 15. D.E. 65. District Judge Van Tatenhove granted that Motion on January 14, 2009, set the rearraignment of Defendant for January 22, 2009, and set the jury trial on the remaining counts to occur four days later. D.E. 67. Judge Van Tatenhove accepted Defendant's plea of guilty after a thorough plea colloquy (D.E. 129 at 2-28) during which he found Defendant to be fully competent and capable of entering a knowing, voluntary, and informed plea. D.E. 89. No written plea agreement existed. *Id*. at 13.

4

Defendant's trial began on January 26, 2009, and lasted three days. D.E. 91; 93; 102. After deliberating for slightly over four hours, the jury returned a verdict of guilty on Counts 1 through 5 of the superseding indictment, and a verdict of not guilty on Counts 16 and 17. D.E. 100. After multiple continuances, the sentencing of Defendant was scheduled for August 5, 2009. D.E. 107. The District Judge ultimately sentenced Defendant to concurrent terms of life without release on Counts 1, 2, and 5; 327 months on Count 3; 240 months on Count 4; and 120 months on each of Counts 6 through 15, to run concurrently. D.E. 111 at 2.

### C. Direct Appeal and Post-conviction Proceedings

Defendant timely filed a notice of appeal. D.E. 112. Upon motion, the Sixth Circuit allowed Mr. Payne to withdraw as counsel for Defendant Bargo on appeal (D.E. 118), and appointed Mr. Paul J. Neel pursuant to the CJA. D.E. 119. Defendant challenged his conviction and sentence based on the theoretical yield of methamphetamine from a proven quantity of pseudoephedrine, and appealed his conviction based on a challenge to venue. D.E. 131 at 1. The Sixth Circuit found the evidence sufficient to support the jury's finding regarding the attempt charge in Count 5, found that Defendant could not contest the reasonableness of a *mandatory* life sentence, and dismissed Defendant's challenge on the basis of venue because Defendant failed to preserve that issue for appeal. *Id*. at 3-5. Therefore, the Sixth Circuit affirmed the judgment of the district court. *Id*. at 5.

In his section 2255 motion, Defendant asserts four main grounds for relief, with numerous sub-arguments. First, Defendant argues that counsel was ineffective for not objecting at sentencing to an enhanced statutory punishment without notice given pursuant to 21 U.S.C. § 851 *after* the return of the superseding indictment. D.E. 147 at 4. Folded into this ground, among other arguments challenging the enhancement, is an allegation that Judge Van Tatenhove

and Assistant United States Attorney Denney were vindictive throughout the entire prosecution of the case. *Id*. Second, Defendant argues that counsel was ineffective by not offering any mitigating evidence, and by both "requiring" and advising that Defendant abstain from making a mitigating statement on his own behalf. *Id*. at 5. Defendant alleges as part of this ground that the District Judge did not explain why Defendant was not given points for acceptance of responsibility, did not address him in open court, and complains that his counsel "allowed [the] judge to sentence him beyound [sic] sentence guide lines when enhancement was not sought thru [sic] superceding [sic] indictment(s)." *Id*. Third, Defendant argues that counsel was ineffective by failing to seek a competency or mental health examination upon discovery that Defendant was prescribed two psychiatric medications, and for failing to object to the District Judge's finding that Defendant was competent. *Id*. at 7. Finally, Defendant argues that "counsel and the court" violated his Sixth Amendment rights by failing to seek an 18 U.S.C. § 4241(a) competency examination. *Id*. at 8. In what can either be described as a "kitchen-sink" approach or a summary of the preceding three grounds for relief, Defendant alleges in Ground 4 the following: that his sentence was excessive; points were erroneously not given for acceptance of responsibility pursuant to his plea of guilty on Counts 6 through 15; the District Judge and counsel ignored Defendant's mental incompetency; and counsel was deficient for failing to investigate mitigating evidence. Finally, Defendant accuses the District Judge and counsel of engaging in a conspiracy to deprive him of his rights or privileges in violation of 42 U.S.C. § 1985(3).

## II.  ANALYSIS

### A.  Right to Collateral Attack

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255.  To prevail on a section 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  By contrast, to obtain habeas relief based on an alleged non-constitutional error, a defendant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process."  *Id.* at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).  As the section 2255 movant, a defendant bears the burden of proving his or her allegations by a preponderance of the evidence.  *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

The Court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney. Pro se motions receive a comparatively lenient construction by the Court. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

### B. Procedurally Defaulted Grounds

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000). As such, Defendant was required to bring each ground on direct appeal or default those claims. For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700; *Phillip*, 229 F.3d at 552. If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced by the alleged violation. *Bousley,* 523 U.S. at 623.

Citing *Massaro v. United States*, Defendant brings each of his claims under the umbrella of a claim of ineffective assistance of counsel. *See* 538 U.S. 500, 509 (2003) (holding that the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."). Defendant's claims concerning vindictiveness on the part of the District Judge and the prosecutor, that the District Judge did not explain the denial of acceptance of responsibility or address him in open court, and his claims asserted in Ground 4 were not asserted on direct appeal, and are therefore procedurally

defaulted. To the extent Defendant relies on ineffective assistance of counsel to excuse that default, he has failed to establish such ineffective assistance as discussed below.

> **C. Ineffective Assistance of Counsel**

When asserting an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence). In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 688. In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment." *Id*. at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id*. at 695. Courts may approach the Strickland analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id*. at 697.

### 1. Challenges to an enhanced penalty listed under Ground 1.

Defendant asserts various claims concerning the section 851 notice.

> *a. Counsel was ineffective for failing to object to an enhanced statutory penalty without notice.*

Defendant argues that counsel failed to object at sentencing to the government's assertion, and Judge Van Tatenhove's determination, that Defendant faced the statutorily enhanced penalty of life imprisonment. D.E. 147 at 4. Defendant argues that this penalty should not have applied because no notice was given by the government as required by 21 U.S.C. § 851. *Id*. This argument is foreclosed by the record.[2] On March 24, 2008, the Government filed a Notice by United States Regarding Enhanced Statutory Punishment citing two prior felony drug convictions under Kentucky law and giving notice to Defendant that, should he be convicted of Count 1, 2, 3, or 5, he would be subject to an enhanced statutory punishment as a result of these prior convictions. D.E. 13. Furthermore, the potential for an enhanced penalty was made clear by the penalties page of the original indictment (D.E. 8 at 4), as well as the superseding indictment (D.E. 23 at 10). Despite Defendant's assertion to the contrary, nothing in section 851 requires the Government to file a second notice after the return of a superseding indictment. *See United States v. Dwyer*, 16 F. App'x 362, 367 (6th Cir. 2001).

Because the government provided notice by filing an information as required by 21 U.S.C. § 851, Defendant has not demonstrated that trial counsel performed deficiently by not

---

[2] Additionally, Defendant's very next argument—asserting that counsel should have challenged the notice—contradicts Defendant's claim that the required notice was not given.

raising an objection to the enhanced penalty based on failure to give notice, or any prejudice caused thereby. Moreover, Defendant has not established deficient performance or prejudice on appellate counsel's part for the same reasons. "[C]ounsel's failure to raise futile objections and arguments does not amount to constitutionally deficient performance." *Lyons v. Caruso*, 202 F.3d 269 (6th Cir. 1999) (Table).

> b. *Counsel was ineffective for failing to challenge the section 851 notice on the ground that Defendant's prior state court convictions would not be federal felonies.*

Next, Defendant argues that counsel was ineffective for failing to challenge the section 851 notice on the ground that Defendant's prior state court convictions would not be felonies if brought in federal court. D.E. 153 at 3-7; 14-15. Defendant cites *Lopez v. Gonzalez*, 549 U.S. 47 (2006), *Carachuri-Rosendo v. Holder*, 570 F.3d 263 (5th Cir. 2009), and *Rashid v. Mukasey*, 531 F.3d 438 (6th Cir. 2008), as support for the proposition that a state offense must be punishable as a felony under federal law to count for purposes of sentence enhancement under the Controlled Substances Act. D.E. 153 at 12-14. He asserts that, therefore, the enhancement of his sentence was in error. *Id*. at 6.

Defendant's assertion is mistaken, and his reliance on *Lopez*, *Carachuri-Rosendo*, and *Rahid* is misplaced. Those cases interpret the term "aggravated felony" in the context of the potential deportation of an alien pursuant to the Immigration and Nationality Act, and are not relevant here. Defendant was convicted in 1990 of trafficking in marijuana over 8 ounces and of trafficking in marijuana over 5 pounds. D.E. 13. He was sentenced to a term of imprisonment for one year and a term of imprisonment for five years on these charges, respectively. *Id*. Section 841(b)(1) states in part that if any person violates section 841(a) "after two or more prior convictions for a felony drug offense have become final, such a person shall be sentenced to a

mandatory term of life imprisonment without release[.]" 21 U.S.C. § 841(b)(1).  21 U.S.C. § 802(44) defines the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44).  Because Defendant's prior convictions related to marijuana trafficking and were punishable by imprisonment for more than one year under Kentucky law, they qualify as prior convictions for purposes of enhancement.  Whether Defendant's prior convictions would be felonies under federal law simply does not matter given their nature under Kentucky law.

> c. *Appellate counsel was ineffective for failing to object to an enhanced statutory penalty without notice.*

Defendant asserts that his appellate counsel was ineffective for failing to challenge the section 851 Notice and for failing to assert the ineffectiveness of trial counsel for failing to challenge and move to dismiss the section 851 Notice.  D.E. 153 at 4.  Additionally, Defendant argues that appellate counsel was ineffective for failing to raise the argument that, for enhancement purposes pursuant to section 851, the underlying offense conduct must be punishable as a felony under federal law.  *See id.* at 7 (citing *Lopez v. Gonzales*, 549 U.S. 47 (2005)).

To show prejudice in the appellate context, Defendant "must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal."  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Because the underlying arguments necessarily incorporated by this claim have been found to be without merit in Parts (II)(C)(1)(a) and (b), Defendant has failed to make a showing that he would have prevailed on appeal had his counsel pursued these issues on appeal.  Defendant's reliance on *Lopez* is

misguided because that case interprets the meaning of "aggravated felony" under the Immigration and Nationality Act, and is not pertinent here.

### d. *Defendant suffered from procedural defects in violation of 21 U.S.C. § 851(b).*

Defendant next argues that the District Judge failed to give him the opportunity to affirm or deny that he was previously convicted as alleged in the section 851 notice as required by 21 U.S.C. § 851(b) before imposing an enhanced sentence. D.E. 153 at 15. Defendant also argues that counsel was ineffective for failing to object to this errant procedure or "shaky evidence." *Id*. at 16-17. However, the statute of limitations described in 21 U.S.C. § 851(e) clearly states that "no person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." The two prior convictions identified in the section 851 Notice occurred in November of 1990. D.E. 13. The Notice (which is the "information" referred to in section 851) was dated March 24, 2008. Eighteen years having passed at the time the Notice was filed, any challenge to the prior convictions was foreclosed by the statute of limitations. Therefore, "neither the statute nor reason 'requires a trial court to adhere to the rituals of section 851(b) where a defendant, as a matter of law [pursuant to § 851(e)], is precluded from attacking the conviction forming the basis of the enhancement information.'" *United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998) (citation omitted). The Sixth Circuit has held that "a failure to engage in the colloquy required by section 851(b) is subject to harmless error analysis." *United States v. Denkins*, 367 F.3d 537, 548 (6th Cir. 2004) (citing *Hill*, 142 F.3d at 313).

For the same reasons guiding the Sixth Circuit in *Hill*, the District Judge's failure to engage in a colloquy in this instance was harmless. Further, because the underlying claim fails,

Defendant cannot make a showing of deficient performance or prejudice under *Strickland*. Counsel is not required to pursue frivolous objections, and the result of the proceeding would not have been any different if he had.

> e. *The Rule of Lenity dictates that the District Court was required to construe his underlying offense conduct as a misdemeanor.*

Defendant next argues that the Rule of Lenity dictates that, because there was an ambiguity as to whether the offense conduct underlying his prior felony drug convictions would result in felony or misdemeanor convictions if charged in federal court, the Court was required to construe the priors as misdemeanors. *Id*. at 18. He further alleges that the conduct underlying his state convictions, if prosecuted in federal court and "construed in Bargo's favor[,] corresponded to conduct expungible as a misdemeanor under federal law." *Id*. He concludes that, as such, the section 851 notice should have had no effect, his sentence must be vacated, and he should be resentenced in accordance with the findings of the Sixth Circuit as to his Guidelines Range. *Id*.

As discussed in Part (II)(C)(1)(b), this assertion is mistaken. Accordingly, the Rule of Lenity is not appropriate or helpful in informing any statutory interpretation, and this claim fails.

> f. *Defendant was prejudiced by vindictive prosecution.*

Finally, Defendant argues as part of this Ground that Judge Van Tatenhove and AUSA Denney were vindictive throughout the prosecution of the case. D.E. 147 at 4. Defendant does not offer any facts or any case law to support this allegation. As such, the Court lacks the ability to evaluate such a bare assertion.

### 2. Counsel was ineffective by not presenting mitigating evidence at sentencing.

In his second Ground, Defendant alleges that counsel provided ineffective assistance by "requir[ing]" that Defendant not offer any statement in mitigation at sentencing, and for failing

to provide any other mitigating evidence. D.E. 147 at 5. Defendant alleges that the District Judge, without explanation, declined to give him credit for acceptance of responsibility, and that counsel "allowed" Judge Van Tatenhove to sentence him to a term varying upward from the Guidelines Range without proper notice. *Id*. Finally, he argues that "under rule 32(A) the judge himself was to address the defendant in open court, and not direct matters through counsel[,]" and that this somehow caused counsel to conduct himself unprofessionally. *Id*.

Applying the *Strickland* analysis, this claim fails because Defendant cannot make a showing of prejudice. Pursuant to 21 U.S.C. § 841(b)(1) and 851, Defendant faced a mandatory term of life imprisonment without release if convicted of Counts 1, 2, 3, or 5. D.E. 13. After trial, the jury found Defendant guilty of each of these counts, as well as Count 4. D.E. 100. Therefore, the District Judge did not have the option to sentence Defendant to anything but life imprisonment without release, the presentation of mitigating evidence could not have had any effect on the outcome of the proceeding, and this claim fails.

Likewise, any mistake in the calculation of Defendant's Guidelines Range is rendered harmless by the fact that the District Judge was required by statute to impose a life sentence. *See* D.E. 131 at 4 (citing *United States v. Wheeler*, 535 F.3d 446, 458 (6th Cir. 2008). Finally, Defendant's assertion that the District Judge failed to address him personally as required by Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) fails because it is clearly disproven by the record. *See* D.E. 121 at 10-11.

Accordingly, Defendant is not entitled to relief on Ground 2.

### 3. Counsel was ineffective by failing to seek a competency or mental health evaluation.

In his third Ground, Defendant alleges that counsel was aware of issues with Defendant's mental health, and "covered it up" while declining to seek a mental health examination pursuant

15

to 18 U.S.C. § 4241(a). D.E. 147 at 7. Defendant asserts that the fact that he was prescribed two psychiatric medications should have provided reasonable cause for defense counsel or the District Judge to conduct proceedings to determine mental competency to stand trial, and that counsel was ineffective for not objecting to the mental state of Defendant before entering a plea. *Id.*

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."); *United States v. Nichols*, 56 F.3d 403, 410 (2nd Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Pursuant to section 4241, "the district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant" does not meet the standard from *Dusky*. *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989).

The essence of Defendant's argument is an assertion that, because his counsel and the District Judge were aware that he was taking Seroquel and Prozac, each had reasonable cause to believe that Defendant was incompetent to stand trial. However, Defendant has provided no evidence indicating that these medications affected his ability to consult with his lawyer or understand the proceedings against him. In fact, the record forecloses this conclusion. The District Judge conducted a thorough colloquy inquiring into Defendant's competency before finding him competent to enter a plea of guilty. D.E. 129 at 5-12. Defendant's counsel indicated

at that time that he had not had any difficulty in communicating with Defendant (*Id*. at 11), and Defendant stated at this time that he was satisfied with his representation by counsel (*Id*. at 13). Defense counsel indicated again in an affidavit filed with the Government's Response that he "never had a problem communicating with Defendant[,]" that "Defendant never, at any time, requested a competency evaluation," and that "counsel never once considered it to be necessary." D.E. 171-1 at 2-3. The record indicates that Defendant was able to both communicate with his lawyer and understand the proceedings against him. Therefore, no reasonable cause to believe that Defendant was incompetent to stand trial existed, Defendant cannot make a showing of deficient performance under *Strickland*, and this claim must fail.

### 4. Counsel and Court were ineffective for failing to seek a competency examination in mitigation at sentencing.

At the outset, the substance of the arguments brought forth in Defendant's final Ground has already been addressed by the preceding discussion. Defendant argues that a competency examination should have been conducted for purposes of sentencing, his sentence was excessive, points should have been given for acceptance of responsibility, and that counsel was deficient for failing to investigate mitigating evidence. D.E. 147 at 8. Defendant's competency claim fails for the reasons described in Part (II)(C)(3). Defendant's sentencing claims are foreclosed by the analysis in Part (II)(C)(2).

Defendant's only new argument under this ground appears to be that District Judge Van Tatenhove and defense counsel engaged in a conspiracy to deprive him of his rights or privileges in violation of 42 U.S.C. § 1985(3). *See* D.E. 147 at 8. (stating "See 42 U.S.C. 1985 (3) regarding relationship between judge and lawyer in those proceedings."). Like Defendant's allegation of vindictive prosecution, Defendant does not offer any facts or any case law to support this allegation. As such, the Court lacks the ability to evaluate such a bare assertion.

## III. AN EVIDENTIARY HEARING IS NOT REQUIRED

In his addendum in support of his motion to vacate, Defendant requests an evidentiary hearing. D.E. 153 at 1. "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Here the record conclusively shows that Defendant is entitled to no relief. Thus, an evidentiary hearing is not required.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court has considered the issuance of a Certificate of Appealability as to all claims presented by Defendant. However, no reasonable jurist would find the assessments above to be wrong or debatable; thus, no Certificate of Appealability should issue.

## V. RECOMMENDATION

For the reasons discussed above, the Court concludes that Defendant has failed to make the requisite showing that would entitle him to relief. Therefore, the Court **RECOMMENDS** that the District Court **DENY** Defendant's motion to vacate. Because the filings and records establish conclusively that Defendant is not entitled to relief, the Court need not conduct an evidentiary hearing. The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability as to both claims.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of July, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge