UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | No. 6:08-cr-00019-GFVT |
| V. | ) ) | No. 6:13-cv-07304- GFVT |
| PAUL LINVILLE BARGO | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Paul Linville Bargo filed a motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. R. 147. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Hanley A. Ingram for a recommended disposition. Magistrate Judge Ingram recommended that the motion be denied and that no certificate of appealability issue. R. 188, 189. Defendant filed Objections to the Recommended Disposition. R. 191. Accordingly, the matter is ripe for review by this Court.

In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which he deemed problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007), quoting *Smith v. Crater*, No. 96-3335, 997 WL 415309 at \*2 (6th Cir. July 18, 1997). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's

efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## I.     PROCEDURAL HISTORY

In a superseding indictment on August 14, 2008, Defendant Bargo was charged with conspiracy to manufacture 500 grams or more of a substance containing methamphetamine (Count 1), conspiracy to distribute the same (Count 2), intentionally distributing same (Count 3), intentionally possessing pseudoephedrine (Count 4), intentionally attempting to manufacture 50 grams or more of methamphetamine (Count 5), knowingly and intentionally distributing less than 50 kilograms of marijuana (Counts 6-12), knowingly and intentionally distributing pills containing hydrocodone (Counts 13-15), knowingly intimidating a witness (Count 16), and knowingly intimidating an essential government witness (Count 17).  Defendant pled guilty to many counts (6-15) of the indictment on January 22, 2009.  R 89, 129.  The remaining seven counts were tried by a jury beginning on January 26, 2009, resulting in guilty verdicts on Counts 1-5 and not guilty verdicts on Counts 16 and 17.  Defendant was sentenced to concurrent terms of life without release on Counts 1, 2, and 5; 327 months on Count 3; 240 months on Count 4; and 120 months on each of Counts 6 through 15, to run concurrently.  R. 111 at 2.

Defendant appealed and challenged his conviction and sentence based on the theoretical yield of methamphetamine from a proven quantity of pseudoephedrine and on venue. R. 131. The Sixth Circuit found sufficient evidence to support his conviction in Count 5, held he could not challenge the reasonableness of a mandatory life sentence, and dismissed the venue issue as unpreserved. *Id.* at 3-5.

In his motion to vacate pursuant to 28 U.S.C. § 2255, Defendant raised four main grounds that include some overlap or repetition. First, he said that trial and appellate counsel were

ineffective for failing to challenge his enhanced statutory punishment and that Judge Van Tatenhove and Assistant United States Attorney Denny were vindictive throughout the prosecution of the case. R. 147 at 4. Second, Defendant said trial counsel was ineffective for not offering mitigating evidence and by advising Defendant to refrain from making a mitigating statement on his own behalf. *Id.* at 5. As part of this argument, Defendant complained that the District Judge did not explain why Defendant was given no points for acceptance of responsibility, was not personally addressed in open court, and that counsel allowed him to be sentenced beyond the sentencing guidelines when enhancement was not sought through the superseding indictment. *Id.* Third, Defendant claimed counsel was ineffective for failing to seek a competency examination upon discovery that Defendant was prescribed two psychiatric medications and for failing to object to the Court's competency determination. *Id.* at 7. Ground four argued that Defendant's sentence was excessive; he was not given credit for acceptance of responsibility; the Court and counsel ignored his incompetency; and counsel was deficient for failing to investigate mitigating evidence. *Id.* at 8.

Magistrate Judge Hanley A. Ingram addressed Defendant's arguments in his Recommended Disposition and found them to be without merit. R. 188, 189. Magistrate Judge Ingram thoroughly discussed and applied all applicable law. Defendant's claims of ineffective assistance of counsel were refuted by the record and applicable case law. Moreover, Defendant failed to show prejudice. *Id.*

Defendant objected to the Recommended Disposition on the following grounds: (1) the lack of an evidentiary hearing on the § 2255 motion, (2) inadequate notice pursuant to 21 U.S.C. § 851, and (3) ineffective assistance of counsel for failure to investigate and present competency and mitigation evidence. R. 191. Each of these objections will be addressed in turn.

3

## II. ANALYSIS

### A. Standard for Relief Under 28 U.S.C. § 2255

To prevail under § 2255, a defendant must establish that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006). Any alleged deficiencies in counsel's performance must be prejudicial to the Defendant to constitute ineffective assistance under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 692 (1984). To have a conviction overturned based on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was so defective that he/she was not functioning as counsel as guaranteed under the Sixth Amendment; and (2) prejudice resulted from the defective performance. *Id.* at 688.

The analysis of counsel's performance focusses on whether counsel's assistance was reasonable considering the totality of the circumstances. *Id.* Significantly, defense counsel's competence is presumed, and the defendant must rebut that presumption by proving, not simply alleging, that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Cobb v. Perini*, 832 F.2d 342, 347 (6th Cir. 1987).

### B. Evidentiary Hearing

"[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." 28 U.S.C. § 2255(b); *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). In *Craig v. U.S.*, 513 F. App'x 487, 490-91 (6th Cir. 2013), the court held there was no need for an

4

evidentiary hearing where the record contradicted Craig's allegations that he was not aware that a mandatory life sentence was a likely sentence.

In the present case, Magistrate Judge Ingram discussed at length how each of Bargo's claims were refuted by the record or were inherently incredible. R. 188 at 8-18. Bargo does not set forth any specific facts that would support conducting an evidentiary hearing. Instead, he recites numerous case holdings and then offers only conclusory allegations instead of facts regarding his own case. R. 191 at 10-11.

> Bargo has cleared this [relatively light] threshold requiring at the very least a hearing on this matter. Bargo has set forth specific facts and is entitled to further development of their verocity [sic]. Bargo's claims are not frivolous, but rather serious errors this Court should take steps to correct in the interests of justice. A hearing can only benefit this Court's decision."

*Id.* at 11. Magistrate Judge Ingram properly concluded that no evidentiary hearing was required.

### C. Notice of Prior Felony Convictions Under 21 U.S.C. § 851

Defendant repeats his argument that he should have had notice of his prior felony convictions *after* the superseding indictment, as well as before. R. 191 at 12. His objection is that Magistrate Judge Ingram cited only an unpublished Sixth Circuit opinion regarding the adequacy of the notice he received. The statute on which Defendant relies, 21 U.S.C. § 851, however, requires only that notice be given "before trial or before entry of a plea of guilty." 21 U.S.C. § 851(a)(1). As the court said in *United States v. Dwyer*, 16 F. App'x 362 (6th Cir. 2001), "Defendant has offered no authority to suggest that the filling of a superseding indictment would in any way invalidate a previously filed § 851 information," and "[t]he purpose of the requirement is to give notice to the defendant." *Id.* at 367. Defendant had notice on March 24, 2008 that he had two prior felony drug convictions under Kentucky law and that he faced the statutorily enhanced penalty of life imprisonment if he were convicted of Counts 1, 2, 3, or 5. R. 13.

5

Defendant's argument that counsel was deficient for not challenging the notice on the ground that the prior convictions were not felonies establishes the fact that Defendant received notice; nothing more is required.

With respect to citation to unpublished opinions, the Sixth Circuit Federal Rule of Appellate Procedure 32.1(a) provides:

> (a) Citation Permitted. A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been:
>
> (i) Designated as "unpublished," "not for publication," "nonprecedential," "not precedent," or the like; and
>
> (ii) Issued on or after January 1, 2007.

FRAP 32.1(a). While such opinions are not binding precedent, they may be considered for their persuasive value. *See Hamilton v General Electric Co.*, 558 F.3d 428, 442, n. 1 (6th Cir. 2009). *Dwyer* appears to be the only Sixth Circuit Opinion speaking to the particular facts which apply in this case. The Court finds *Dwyer* to be persuasive.

### D. Counsel's Failure to Investigate Competency and Mitigation Evidence

In his motion to vacate, Defendant argued that counsel knew he was taking "Seroquel and Prozac," and he ignored or overlooked this evidence of incompetency and did not ask for a competency determination. R. 147 at 7-8. In his objections, Defendant raises new factual allegations that counsel made no effort to investigate his mental history and did not interview his family or friends. R. 191 at 14. He adds that he "told counsel about his extensive mental health history, including the fact that Bargo received disability benefits due to the same…." *Id.* at 15. "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).

Additionally, Magistrate Judge Ingram notes that 18 U.S.C. § 4241(a) provides that a defendant is competent if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." R. 188 at 16. Defendant has presented no evidence that his medications interfered with his ability to consult with his lawyer or understand the proceedings against him. A thorough colloquy with the Defendant under oath was conducted by the Court inquiring into his competency on January 22, 2009 as part of his guilty plea on other counts. R. 129 at 5-12. Defendant testified that he was not "seeing any kind of mental health professional for any kind of mental health issues." *Id*. at 8. He said he was only taking Seroquel for sleeping and Prozac for anxiety. *Id.* at 8-10. A defendant is bound by his statements in response to the court's inquiry. *Baker v. United States* 781 F.2d 85, 90 (6th Cir. 1986). More specifically, a "movant is bound by his testimony under oath at the plea hearing if the trial court scrupulously followed the procedures under Rule 11." *McAdoo v. Elo*, 365 F.3d 487, 496 (6th Cir. 2004).

Additionally, Defendant's attorney said at the plea hearing that he had not had any trouble communicating with the Defendant, and the government said it was not in possession of any evidence to suggest Defendant was not competent. R. 129 at 11. In response to the motion to vacate, counsel provided an affidavit stating that he "never had a problem communicating with Defendant[,]" that "Defendant never, at any time, requested a competency evaluation," and that "counsel never once considered it to be necessary." R. 171-1 at 2-3. Magistrate Judge Ingram properly concluded there was no reasonable cause to believe that Defendant was incompetent to stand trial on January 26, 2009, a few days after his plea. R. 188 at 17. Accordingly, there was no showing of deficient performance under *Strickland v Washington*, 466 U.S. 668 (1984), for counsel's failure to request a competency examination.

Defendant's objection on pages 13 – 16 includes in its heading that counsel failed "to Investigate and Present Competency and Mitigation Evidence." R. 191 at 13. However, there is no factual or legal argument regarding the presentation of mitigating evidence. There also is no specific objection to Magistrate Judge Ingram's analysis that there could be no prejudice because Defendant faced a *mandatory* term of life imprisonment if convicted of Counts 1, 2, 3 or 5. R. 188 at 14-15. A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). As the presentation of mitigating evidence would have no effect on his sentence, the claim of ineffective assistance of counsel was properly denied.

### E. CERTIFICATE OF APPEALABILITY

Magistrate Judge Hanley A. Ingram recommended that no Certificate of Appealability issue in this matter. Defendant did not object to that recommendation. The Court agrees with the analysis and recommendation of the Magistrate Judge, and no Certificate of Appealability will issue.

### III. CONCLUSION

1. Defendant Bargo's Objections to the Magistrate Judge's Report and Recommendation (R. 191) are **OVERRULED;**

2.      The Magistrate Judge's Report and Recommendation (R. 188, 189) are **ADOPTED AND INCORPORATED BY REFERENCE** herein; and

3.      Final Judgment shall be filed contemporaneously with this Opinion.

This February 12, 2016.

Gregory F. Van Tatenhove
United States District Judge