D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION No: 6:08-CR-19-GFVT

UNITED STATES OF AMERICA

V.

PAUL LINVILLE BARGO

Eastern District of Kentucky
FILED
MAR 15 2021
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

RESPONSE TO A.U.S. ATTORNEY
MOTION AND to AMEND my 3582(c)(1)(A)

8th Circuit United States v Oliver (No 19-2209) 8th Cir Feb. 11 2021 In August a jury convicted Oliver of five counts drug trafficking, and the district court imposed a sentence of 25 years imprisonment (300 months) Oliver appealed, alleging the district court erred by applying a sentence enhancement pursuant to 21 USC §§ 841(b)(1)(A) and 851. Oliver argued that the district court erred by finding he had the requisite "serious drug felonies" to support the statutory enhancement. Based on the government's 851 notice.

② Oliver faced a 25-year mandatory minimum sentence if he had "2" or more prior convictions for a serious drug felony. The Court held that because the government faiied to prove beyond a reasonable doubt that Oliver's 2006 Illinois conviction qualified as a "serious drug felony" the 25-year mandatory minimum sentence did not apply. The Court vacated his sentence and remanded to the district court for resentencing.

2. Trafficking in marijuana over 8 ounces Nov: 27 1990 1 year probated for two years Lexington Ky (KRS 218A.1421)

Trafficking in marijuana over five pounds. Nov 28 1990 imposing five year sentence London Ky (KRS 218A.142(4)).

I was not an organizer, leader, manager or supervisor of others within a criminal organization, and I received no role adjustment in the PSR.
Second no obstruction enhancement in the presentence report.

3. Third my criminal history points is 13 based own PSR. And I do not have a prior history of violent conduct or recent prior convictions for serious offenses. My most recent conviction prior to my arrest in 2008 was in 2001.

4. Fourth there is no evidence that I have ties to Large-scale drug trafficking organizations, gangs or cartels.

5. Fifth, Based on the count's in question my current sentence of Life without Section 851 would be or should be a mandatory minimum of ten years.

6. Finally, there no other significant aggravating or mitigating factors to consider.

7. The prosecutor today would or should decline to charge the quanitity necessary to trigger a mandatory minimum sentence simply my conduct did not involve violence, credible threat of violence possession of a weapon, trafficking drugs to or with minors, death or serious bodily injury. And I represents non-violent and low-level drug activity and other less significant crimes.

8. However, because I faced a mandatory Life sentence, the Judge could not consider the factors under 18 U.S.C. 3553, which today a court could, in light of not of not filing a notice under Section 851 or charging quanitity. In fact, the Judge noted at the sentencing, I'm going to say right up front. I'm not going to pretend like I have a lot of discretion here this afternoon. The Law requires a particular result. And Judges sometimes get these decisions taken out of their hands in some ways, and that's the case today.

9. U.S. V Michael Jones No: 20-3701)(2020 WL 6817488, 7 citation's and Foot Notes. The court of appeals went own to make clear that Federal Judge's have full discretion to define extraordinary and compelling reasons. Without consulting the policy statement, IBI, 13. ID at 9 (emphasis added)

10. The A.U.S. Attorney is concerned of retroactive provisions, it is almost plain to see this is not the case now at hand.

3/11/21

# CERTIFICATE OF SERVICE

I Mailed a copy of this document
To Assistant U.S. ATTORNEY
601 Meyers Baker Rd. Suite 200
London Ky 40741

Mailed To Jason. D. Parman

Signed: Paul Bargo
3/11/21

3/11/21

CERTIFICATE of SERVICE)
AND FILING)

I hereby certify that on 3/11/21 2021 I mailed a copy of Motion to amend to A.U.S. Attorney and Copy to U.S.D. Court Clerk E.D. of Ky. Southern DIVISION 310 South main street London Ky 40741

Signed Paul L Bargo

3/11/21