**NOT RECOMMENDED FOR PUBLICATION**

No. 21-5563

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| PAUL LINVILLE BARGO, | ) ) | |
| Defendant-Appellant. | ) | |

**FILED**
Nov 01, 2021
DEBORAH S. HUNT, Clerk

O R D E R

Before: SUTTON, Chief Judge; ROGERS and GRIFFIN, Circuit Judges.

Paul Linville Bargo, a federal prisoner proceeding pro se, appeals the order of the district court denying his motion for compassionate release. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2009, Bargo pleaded guilty to ten counts of distributing marijuana and hydrocodone and proceeded to trial on additional charges. A jury convicted him of conspiracy to manufacture methamphetamine, conspiracy to distribute methamphetamine, distribution of methamphetamine, possession of pseudoephedrine for the manufacture of methamphetamine, and attempt to manufacture methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (c)(2), 846, 851. Because Bargo had two prior felony drug convictions, he was subject to a mandatory term of life imprisonment. *See* 21 U.S.C. § 851. On August 10, 2009, the district court imposed a total term of imprisonment of life. We affirmed. *United States v. Bargo*, 482 F. App'x 78 (6th Cir. 2012).

In 2019, Bargo wrote to the district court, asking if the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which reduced some drug sentences, applied to him. The district court construed the letter as a motion for a sentence reduction under the First Step Act and denied it, explaining that the retroactive provisions of the Act did not apply to Bargo. Bargo did not appeal.

In February 2021, Bargo filed a motion titled "Motion Section 3582(c)(1)(A)(i)." That section allows compassionate release or a reduction of sentence for inmates who can demonstrate that extraordinary and compelling reasons warrant such action. Bargo's motion asserted that he could demonstrate a compelling reason for a reduction because, if he were sentenced today, he would receive a shorter sentence. The government filed a response in opposition. Bargo filed a reply titled "Response to A. U.S. Attorney Motion and to Amend my 3582(c)(1)(A)" that appeared to set forth additional reasons why he should be eligible for a sentence reduction, including the facts that he was not a leader of the conspiracy and did not have a history of violent conduct or ties to large-scale drug trafficking organizations. He asserted again that, if sentenced today, he would have received a much shorter sentence.

The district court noted that Bargo had previously sought relief pursuant to the First Step Act under an argument identical to the one presented in his current motion. The district court reiterated that, because none of Bargo's convictions were related to cocaine base, he was not entitled to relief under the First Step Act. The district court therefore denied his motion.

On appeal, Bargo argues that he is entitled to a sentence reduction because of the disparity between his sentence "then and now," his good conduct while he has been in prison, and the fact that he has completed education and drug classes.

As amended by the First Step Act of 2018, 18 U.S.C. § 3582(c) allows courts to consider sentence reduction motions from defendants after certain conditions are met. 18 U.S.C. § 3582(c)(1)(A). To grant a motion for compassionate release filed by a defendant under this section, a district court must find that "extraordinary and compelling reasons warrant such a reduction" and that the sentencing factors of 18 U.S.C. § 3553(a) support a reduction. 18 U.S.C.

§ 3582(c)(1)(A)(i).  We review a district court's denial of compassionate release for an abuse of discretion.  *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).  An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard."  *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020) (quoting *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010)).

The district court did not abuse its discretion by denying Bargo's motion.  We have previously held that the fact that a defendant would receive a different sentence if he had been sentenced after the effective date of the First Step Act is not an "extraordinary and compelling reason" to reduce his sentence under § 3582(c)(1)(A)(i).  *United States v. Wills*, 997 F.3d 685, 687-88 (6th Cir. 2021); *see also United States v. Hunter*, __ F.4th __, 2021 WL 3855665, at *5 n.4 (6th Cir. Aug. 30, 2021).  In *Wills*, we noted that "the ordinary practice" in federal sentencing "is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."  *Id.* at 688 (citing *Dorsey v. United States*, 567 U.S. 260, 280 (2012)).  And "[w]hat the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice."  *Id.*

For the foregoing reasons, we **AFFIRM** the order of the district court.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk